UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Docket No.:
EMIL DIB,

                               Date Filed:

                      Plaintiff,            **COMPLAINT**

       -*against*-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, And JOSE ALICEA in
his individual and official capacity

                     Defendants.

------------------------------------------------------------------------X

Plaintiff, EMIL DIB JR., as and for his Verified Complaint, by his attorneys, ALAN RIPKA & ASSOCIATES, LLP, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking monetary relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought pursuant to 42 U.S.C. § 1983 abuse of process, and malicious prosecution as well as for personal injuries stemming from the improper use of excessive force.

2. Specifically, the Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution and laws of the State of New York, as well as caused him to suffer bodily harm.

1

3. Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully stopped, wrongfully detained, illegally and unconstitutionally seized, arrested, intentionally and imprisoned, falsely accused, harassed, defamed and maliciously charged Plaintiff, EMIL DIB JR..

4. Plaintiff alleges that the Defendants (collectively and individually) were negligent in their failure conduct a proper investigation, or intentionally refused to consider exculpatory information and evidence known and made known to them. Furthermore, the Defendants knew or should have known about the existence of said exculpatory evidence, but failed to review the evidence in violation of the Plaintiffs' constitutional and civil rights.

5. Defendants recklessly breached their duties of care with respect to their interactions with, and treatment of Plaintiff as described herein.

6. Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers, employees, representatives, and/or agents. Additionally, Defendants are liable to the Plaintiff for abuse of process, for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the individual Defendants, and by maliciously failing to investigate, abusing process, wrongfully and maliciously prosecuting Plaintiff.

7. As a result of the Defendants' actions (or lack thereof), Plaintiff was physically injured, arrested, and improperly caused to be prosecuted without basis. The Plaintiff was also wrongfully forced and subjected to lengthy and costly criminal proceedings, and prosecution. Furthermore, Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: medical bills, lost income, loss of employment, loss of employment potential, medical expenses, and other costs/expenses.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343.

9. This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

10. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391, based on the fact that Plaintiff resides in Richmond County. Furthermore, the place where the events and violations herein alleged occurred was in Richmond County.

11. On or about December 23, 2022, Plaintiff timely and properly served a Notice of Claim on the City of New York, and New York City Police Department in compliance with General Municipal law § 50 et. seq. and CPLR 215 as against each municipal Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

12. On February 10, 2023, Plaintiff did appear for a 50-h hearing.

13. This complaint is filed within 1 year and 90 days of the filing of the notice of claim.

14. Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

## PARTIES

15. During all times mentioned in this Complaint, the Plaintiff EMIL DIB JR. (hereinafter "Plaintiff" Or "Mr. Dib") was and still is a resident of the United States, residing in the County of Richmond, State of New York. At all times Plaintiff suffered from Bipolar Disorder and Schizophrenia.

16. That at all times herein mentioned, defendant, THE CITY OF NEW YORK (hereinafter ("THE CITY"), was and still is a municipal agency, duly organized and existing

3

under and by virtue of the laws of the State of New York and/or the laws of the City of New York

17. That at all times herein mentioned, defendant, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "THE DEPARTMENT") was and still is an agency of defendant, THE CITY OF NEW YORK, duly organized and existing under and by virtue of the laws of the State of New York and/or the laws of the City of New York.

18. That at all times herein mentioned, defendant, JOSE ALICEA (hereinafter "Alicea", was and still is a policer officer employed by defendant, THE CITY and/or defendant, THE DEPARTMENT.

## FACTUAL ALLEGATIONS

19. On October 12, 2022 and at all times hereinafter mentioned and upon information and belief, the plaintiff, EMIL DIB, JR., was lawfully present at or about Nome Avenue thereat, in the County of Richmond, City and State of New York.

20. Prior to that date Defendants THE CITY and THE DEPARTMENT knew or should have known about Plaintiff's psychological disabilities due to past interactions with Plaintiff and the Defendants.

21. On October 12, 2022, after an argument with his sister, Plaintiff did leave his home and went to purchase cigarettes.

22. On October 12, 2022, while lawfully walking back to his house upon purchasing cigarettes, upon information and belief, while at the aforementioned location, the plaintiff, EMIL DIB JR., was approached by ALICEA.

23. Upon information and belief, ALICEA was searching for Plaintiff due to the incident with his sister who, unbeknownst to Plaintiff, had called the police.

24. Upon information and belief ALICEA and Plaintiff engaged in a brief conversation where Plaintiff willingly agreed to come with ALICEA.  ALICEA disregarded Plaintiff's surrender.

25. Upon information and belief, after approaching Plaintiff, ALICEA battered Plaintiff. The battery consisted of improperly deploying a taser and using it on the Plaintiff.

26. ALICEA deployed the taser on Plaintiff, striking him in his chest and left hip. The taser caused him to seize up and fall.  When he fell Plaintiff's head struck a nearby curb causing severe physical and psychological damage to Plaintiff.

27. At the time of the assault and battery, Plaintiff presented no physical threat to ALICEA, nor did he engage in any behavior that would necessitate the use of force by ALICEA.

28. The plaintiff was taken thereafter to Richmond University Medical Center.  While in the hospital recovering from his injuries, he was charged by the Defendants with four misdemeanors and a felony.

29. While awaiting adjudication of these criminal charges, Plaintiff was unlawfully detained in a hospital for psychological evaluation and forced to defend himself on criminal charges.  Due to the charges brought by the Defendants, Plaintiff was forced to reside in a homeless shelter and eventually a hotel, prohibited from returning to his home.

30. Eventually after failing a court ordered psychological examination, the four misdemeanors were dropped, and the felony was reduced to a misdemeanor.  Plaintiff continues to suffer from the physical and psychological injuries inflicted on him by Defendants.

## AS AND FOR COUNT ONE
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH
## AMENDMENTS TO THE UNITED STATES CONSTITUTION

31. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

32. At all relevant times Alicea acted in his official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of his respective state and/or municipal agency.

33. At all relevant times defendant Alicea was employed by and under the supervision and control of the City of New York and New York Police Department.

34. At all relevant times Alicea acted in his official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

35. Alicea intentionally and unreasonably made harmful and offensive contact with Plaintiff.

36. Alicea deployed a taser on Plaintiff without cause or justification and in violation of his constitutional rights.

37. Defendants' actions were not privileged.

38. Plaintiff did not contribute to Defendants' conduct in any manner.

39. Defendant actions actually and proximately caused injury to Plaintiff.

## AS AND FOR COUNT TWO
## DEPRIVATION OF CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983 AND THE FOURTH, EIGHT, AND FOURTEEN AMENDMENTS TO THE UNITED STATES CONSTITUTION

40. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

41. At all relevant times, Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

42. At all relevant times, Defendants, acted within the scope of their employment and authority.

43. Plaintiff did not contribute to Defendants' conduct in any manner.

44. Defendants' actions and/or omissions directly and proximately caused Plaintiff to be deprived of the rights, privileges and immunities guaranteed under the Fourth and Fourteenth Amendments of the Constitution of the United States of America in violation of 42 U.S.C. § 1983, including, but not limited to, the right (i) not to be deprived of liberty without due process of law, (ii) not to be subject to unreasonable of seizure and/or arrest, (iii) and to receive equal protection under the law.

45. Defendants unlawful conduct directly and proximately caused Plaintiff to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

## AS AND FOR COUNT THREE
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF THE NEW YORK LAW AND THE NEW YORK STATE CONSTITUTION

46. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

47. At all relevant times, Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

48. At all relevant times, Defendants, acted within the scope of their employment and authority.

49. Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

50. Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's constitutional rights.

51. Defendants', actions and/or omissions directly and proximately caused, Plaintiff, to be deprived of the rights, privileges and immunities guaranteed under New York law and Article One of the New York State Constitution.

52. Defendants, unlawful conduct directly and proximately caused, Plaintiff, to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

## AS AND FOR COUNT FOUR
## 42 U.S.C. §1983 - MALICIOUS PROSECUTION

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

54. Defendants, acting under color of law, maliciously caused to be commenced, and continued, a criminal prosecution against Plaintiff that was terminated in Plaintiff's favor.

55. At all times, Defendant Alicea was aware that Plaintiff was a lawful pedestrian on a public road.

56. At all times, Defendant Alicea was or should have been aware that Plaintiff suffers from various psychological disabilities.

57. Following his arrest, seizure, malicious prosecution, abuse of process, and various violations of civil rights and constitutional rights of Plaintiff, by the collective Defendants, four of the five charges brought against Plaintiff were dropped and the fifth one was pleaded down to a misdemeanor after Plaintiff was deemed psychologically disabled.

58. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

59. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

60. As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within Complaint.

**AND AS FOR COUNT FIVE**
**ABUSE OF PROCESS**

61. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

62. Defendants' accusations and allegations against Plaintiff were false, malicious, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff and were clearly the improper exercise of the police power, the resources of government as well as an abuse of process.

63. That the arrest, imprisonment, prosecution and violation of Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff severe damage.

**AND AS FOR COUNT SIX**
**BATTERY**

64. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

65. On the date of the incident Defendant Alicea did deploy a taser and use it on Plaintiff.

66. Defendant Alicea did not have just cause to use the taser on Plaintiff in light of the situation.

67. Plaintiff was struck by the taser, caused to freeze up, fall, and suffer substantial personal injuries when his head came into contact with the curb located nearby.

68. At all times hereinafter mentioned and upon information and belief, Alicea who was acting within the scope of his employment with the defendants, The City and The Department at the aforesaid location.

69. At all times hereinafter mentioned and upon information and belief, Alicea's actions were not privileged.

70. At all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

71. At all times hereinafter mentioned and upon information and belief, the assault and battery on the plaintiff was without probable cause and was not the result of an appropriate arrest.

72. By reason of said assault and battery the plaintiff was caused to suffer severe and serious injuries in and about diverse parts of the person, and suffered great pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

## AND AS FOR COUNT SEVEN
## NEGLIGENT HIRING AND SUPERVISION

73. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

74. That the defendants, THE CITY and THE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their police officers, agents, servants, and employees and were negligent in the hiring, training and retention of Alicea.

75. That the defendants, THE CITY and THE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of Alicea, and continued to employ them and allowed him to be in contact with the public at large.

76. Defendants failed to take all reasonable steps to reduce risk of injury and harm to Plaintiff, by refusing to properly train and discipline Alicea.

77. Defendants failed to take all reasonable steps to train and supervise their employees regarding improper use of excessive force.

78. Based on the foregoing, Defendants breached their duties to Plaintiff, and as a result of their material breach, proximately caused Plaintiff significant physical and emotional damages which were reasonably foreseeable.

## AND AS FOR COUNT EIGHT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

80. The Defendants acted intentionally, recklessly, and with utter disregard to the consequences of their actions and caused severe emotional distress to the Plaintiff thru their actions.

81. Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the Plaintiff.

82. As a direct and proximate result of the wrongful acts complained of herein, Plaintiff suffered injuries and damages, including but not limited to: physical, psychological, and severe emotional injury and distress; past and future degradation and mental anguish; suffering and embarrassment; and loss of and damage to reputation.

## AND AS FOR COUNT NINE
## NEGLIGENCE UNDER NEW YORK COMMON LAW

83. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

84. At all relevant times Defendants acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

85. At all relevant times defendant Alicea was employed by and under the supervision and control of the CITY and THE DEPARTMENT.

86. Defendants acted carelessly, negligently, and with reckless indifference to Plaintiff's rights.

87. Defendants disregarded duties and obligations owed to Plaintiff.

88. Defendant actions actually and proximately caused injury to Plaintiff.

## AND AS FOR COUNT TEN
## MUNICIPAL LIABILITY

89. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

90. The complained of acts were carried out by ALICEA in his official capacity as a police officer and/or municipal employees, with all the actual and/or apparent authority attendant thereto.

91. At all relevant times defendant ALICEA was employed by and under the supervision and control of THE CITY and THE DEPARTMENT.

92. Defendants used excessive force, arrested, detained, incarcerated, and/or took Plaintiff into custody without probably cause, privilege, consent, or evidence of criminal wrongdoing. Upon information and belief, Defendants knew or should have known that their actions, which jeopardized Plaintiff's liberty, well-being, and/or safety, violated Plaintiff's constitutional rights.

93. The Individual Defendants acted pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and Police Commissioner for the City of New York constituted and exhibited deliberate indifference to Plaintiff's rights, well-being, and safety.

94. Alicea's actions directly and proximately caused Plaintiff to be deprived his constitutionally guaranteed rights, privileges, and immunities.

## PUNITIVE DAMAGES

95. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

96. The acts of the individual Defendant Alicea complained of herein were willful, and malicious. He acted with callous disregard, recklessness and deliberate indifference toward the rights of the PLAINTIFF, and without concern for the damage they would cause.

97. Defendant Alicea's acts were motivated by a desire to harm Plaintiff without regard for Plaintiff's well-being and were based on a lack of concern and ill will towards Plaintiff.

98. As such Plaintiff is entitled to punitive damages

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all physical, compensatory, emotional, psychological and punitive damages, liquidated damage, injunctive

14

relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that the Court grant Plaintiff any other relief to which he is entitled, including but not limited to:

1. Awarding reasonable attorney's fees and the costs and disbursements of this action;

2. Granting such other and further relief that to the Court seems just and proper.

**FURTHER,** Plaintiff demands a trial by jury pursuant to Fed. Rule Civ. P. 38(b).

Dated: New York, New York
January 4, 2024

**ALAN RIPKA & ASSOCIATES, LLP**
*Attorneys for Plaintiff*

By _____
Jonathan A. Tand, Esq.
400 Madison Avenue Suite 12D
New York, New York 10017
(212) 557-4777